**Wendi WILLIAMS, Plaintiff,**

v.

**NPC INTERNATIONAL, INC., et al., Defendants.**

**No. 204CV45–D–A.**

United States District Court, N.D. Mississippi, Delta Division.

Nov. 2, 2004.

James R. Mulroy, II, Steven R. Sedberry, Lewis, Fisher, Henderson, Claxton & Mulroy, LLP, Memphis, TN, for defendant.

Phillip A. Stroud, James R. Harper, Stroud & Harper, P.C., for plaintiff.

### ORDER

ALEXANDER, United States Magistrate Judge.

Before the court is the motion of defendant NPC International, Inc., to compel plaintiffs to respond to request for production number 22 and provide executed authorizations for release of plaintiffs' medical records. As grounds for the motion, NPC points out that plaintiffs claim they suffered "pain, embarrassment, humiliation, anxiety and emotional distress" because of the alleged sexually discriminatory conduct of Mark Hembree, their manager at the Horn Lake Pizza Hut. Plaintiffs object that the request is irrelevant and overbroad because they do not seek recovery for physical injury or medical expenses. Plaintiffs move for a protective order limiting disclosure to records of their psychological treatment only or, alternatively, that the court limit disclosure to the records of particular providers plaintiffs identified during discovery and generated during the last three (3) years.

Having duly considered NPC's motion, the court finds that it is well taken and should be granted, and plaintiffs' motion for a protective order should be denied. Because plaintiffs have put their emotional states at issue, NPC is entitled to discovery of information pertaining to any mental or physical conditions which could have led to the claimed damages, including conditions which preexisted the employment period at issue here. *See Victoria W. v. Larpenter*, No. Civ.A. 00–1960, 2001 WL 674156, \*2 (E.D.La. June 14, 2001) (citing *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D.Cal.1999)) (discovery allowed in order to determine whether to present a theory of alternative causes for plaintiff's condition). Medical records of the sort at issue in this motion are indeed private and deserving of protection, but NPC has already executed a Stipulated Agreement and Order of Confidentiality that limits disclosure to counsel in this case and only for the purposes of this litigation and otherwise protects plaintiffs' personal information in light of HIPAA. Because of the sensitive nature of the information, the court declines an award of expenses and costs associated with either the motion to compel of for protective order at this time.

It is, therefore,

**ORDERED:**

That NPC's motion to compel is granted. Plaintiffs shall respond fully to request for production 22 and provide NPC's counsel with executed authorizations on or before November 10, 2004. The plaintiffs' motion for protective order is denied.